**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 14 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10408 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 1:18-cr-00112-DAD-BAM-1 |
| JEFFREY JOHN HANSEN, AKA Jeff J. Hansen, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted March 11, 2022
San Francisco, California

Before: WALLACE, S.R. THOMAS, and McKEOWN, Circuit Judges.

Hansen appeals from a $500 restitution award to minor victim Raven in a

case in which Hansen pleaded guilty to Receipt of Material Involving the Sexual

Exploitation of Minors, in violation of 18 U.S.C. § 2252(a)(2). In his plea

agreement, Hansen waived his right to appeal any order of restitution or order of

forfeiture the district court might impose. On appeal, Hansen argues that his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

waiver of his right to appeal any restitution order should not be given effect because he was not given a reasonably accurate estimate of the potential restitution amount at the time he agreed to waive any appeal, and that the $500 restitution award for Raven should be vacated because he claims that there was no evidence that his conduct proximately caused any of the victim's losses.

We have appellate jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. "We review the question whether a defendant has validly waived his statutory right to appeal de novo." *United States v. Lo*, 839 F.3d 777, 783 (9th Cir. 2016). "A restitution order is reviewed for an abuse of discretion, provided that it is within the bounds of the statutory framework. Factual findings supporting an order of restitution are reviewed for clear error. The legality of an order of restitution is reviewed de novo." *United States v. Gordon*, 393 F.3d 1044, 1051 (9th Cir. 2004), *quoting United States v. Stoddard*, 150 F.3d 1140, 1147 (9th Cir. 1998). For the following reasons, we affirm.

Assuming without deciding that Hansen did not waive his right to appeal his restitution order, we hold that the district court did not abuse its discretion in awarding $500 in restitution to Raven. Section 2259 makes it "mandatory" for a defendant to pay a victim "the full amount of the victim's losses as determined by the court." 18 U.S.C. § 2259(b)(1), (4). The "full amount of the victim's losses" includes any costs incurred by the victim for

2

(A) medical services relating to physical, psychiatric, or psychological care; (B) physical and occupational therapy or rehabilitation; (C) necessary transportation, temporary housing, and child care expenses; (D) lost income; (E) attorneys' fees, as well as other costs incurred; and (F) any other losses suffered by the victim as a proximate result of the offense.

18 U.S.C. § 2259(b)(3).

Under Section 2259, "the government must prove by a preponderance of the evidence that [the defendant's] offenses proximately caused the losses incurred by" the victim. *United States v. Kennedy*, 643 F.3d 1251, 1263 (9th Cir. 2011). "[W]here it can be shown both that a defendant possessed a victim's images and that a victim has outstanding losses caused by the continuing traffic in those images but where it is impossible to trace a particular amount of those losses to the individual defendant by recourse to a more traditional causal inquiry, a court applying § 2259 should order restitution in an amount that comports with the defendant's relative role in the causal process that underlies the victim's general losses." *Paroline v. United States*, 572 U.S. 434, 458 (2014). "This cannot be a precise mathematical inquiry," as the analysis "involves discretion and estimation," and cannot "be a token or nominal amount." *Id.* at 459–62. When calculating the amount of restitution imposed upon a defendant, "the losses, including ongoing losses, caused by the original abuse of the victim should be disaggregated from the losses caused by the ongoing distribution and possession of images of that original abuse, to the extent possible." *United States v. Galan*, 804 F.3d 1287, 1291 (9th

3

Cir. 2015).

Here, the district court did not abuse its discretion in awarding $500 in restitution to Raven because $500 was a reasonable estimate of Hansen's role in causing Raven's continued harm as a victim of child pornography. It is uncontested that Hansen downloaded at least one image of Raven. Raven's legal representative submitted a letter to the court seeking mandatory restitution from Hansen pursuant to Section 2259, arguing that Raven was harmed by the ongoing trafficking of her images, and that she needed funds to prepare a report regarding her psychological and economic damages suffered. The district court evaluated this evidence and awarded $500 to Raven, "based upon [its] assessment that [it was] the appropriate amount[] when considering the relationship to this offense -- Mr. Hansen's offense and conviction, that it was a receipt case, as well as the timing of the various events, and perhaps most importantly, the amount of documentation submitted by" Raven. Nothing in the record indicates that the district court impermissibly imposed upon Hansen losses caused by the original abuse of Raven or losses caused by other individuals' trafficking of Raven's images. The district court thus exercised its "discretion and estimation" to determine Raven's restitution award, considering the harm caused by Hansen's trafficking of her child sex abuse images and Raven's alleged need to pay for future reports regarding her psychological and economic damages suffered. *See*

4

*Paroline*, 572 U.S. at 462.

Because the restitution award was within the statutory framework of Section 2259, and the district court did not abuse its discretion in determining the award, we affirm the $500 restitution award to Raven.

**AFFIRMED.**